*In the Matter of Adoption of*
*Baby Girl H.*

In the Family Court of the Navajo Nation
Judicial District of Window Rock, Navajo Nation (Arizona)

No. WR-FC-162-04

April 16, 2004

## ORDER

THIS MATTER comes before the Court on the Navajo Nation's Petition for Adoption filed on February 6, 2004. Filed contemporaneously with the Petition were the Navajo Nation's Motion to Domesticate Foreign Order and Motion to Acceptance Social Services' Investigation Report. A hearing was held on April 13, 2004 wherein the Navajo Nation's representative appeared. Having reviewed the file and considered the arguments and testimony at the hearing, and being otherwise fully informed the Court now enters the following findings and orders in this case:

Before it can consider the Petition for Adoption the Court must consider and grant the Motion to Domesticate Foreign Order. Domestication of orders involving the custody of Navajo children is governed by 9 N.N.C. §1402. That section states that domestication of a state Order may be granted by this Court:

... only after a full independent review of such state proceeding has determined:

1. The state court had jurisdiction over the Navajo child;

2. The provisions of the Indian Child Welfare Act, 25 U.S.C. §1901 *et seq.*, were properly followed;

3. Due process was provided to all interested persons participating in the state proceeding; and

4. The state court proceeding does not violate the public policies, customs, or common law of the Navajo Nation.

9 N.N.C. §1402(A)(1)-(4). The Court often, as in this case, relies on information and pleadings filed by the Navajo Nation to ensure compliance with these requirements before domesticating an order from a state court. In this case, the Navajo Nation requests that a state court order terminating parental rights be domesticated. The Motion methodically recites that the requirements of §1402 have been complied with, but the Court is not convinced. For example, the Motion states that "[t]he Pennsylvania State Court proceeding does not violate the public policies, customs, or common law of the Navajo Nation." P.'s Mot. To Domesticate, 2/6/04, p.2, ¶6. From the testimony at the hearing the Court understands that the minor child was voluntarily relinquished to the adoption agency in Pennsylvania some years ago, that the mother and maternal grandmother have not resided on the Navajo Nation for many years, and that they are not locatable at this time. The Court finds that a search for the minor child's relatives that ends with the maternal grandmother is insufficient upon which to base a termination of parental rights in this Court, and therefore upon which to domesticate such an order from a state court.

Our sense of *k'é*, and what is permissible within our family and clan relationships, comes from immutable concepts of *Diné bi beenahaz' aanii* and its sources. Even if 9 N.N.C. §1402 did not direct that the Court look to customs and common law, principles of *Diyin Dine'é bitsą́ądę́ę́ beehaz'áánii* direct that the state order in question cannot be domesticated at this time.

The Navajo Nation argues that the minor child "blends in" with the prospective adoptive family. The Court does not challenge that assertion. The Navajo Nation argues that adoption outside of the four sacred mountains is in the best interest of this minor child, and that the adoptive family will ensure that she knows who she is and where she comes from. That is irrelevant to the Court when considering whether to domesticate a state court order. What is directly at issue is that the minor child is *Diné*, regardless of blood quantum, skin color or where she best blends in. It is her right to know her origins, and because she is a minor that right must be ensured by giving notice to *bimá bighandę́ę́' dabik'éí'ígíí.*[1] The Court understands that it may not be possible to locate and give notice of these proceedings to all relatives, but finds that it is nevertheless incumbent on the Navajo Nation to make sufficient attempts. Sufficient attempts to locate the maternal relatives may include, but are not limited to, enquiring at the mother's chapterhouse or within her community.

Lastly, the Court wishes to clarify that simply because a maternal relative is found does not mean that it will automatically deny the petition for adoption or

[1] The minor child's maternal relatives.

domestication of the court order. The Court simply finds that the minor child's relatives must be notified if possible, and that it is insufficient to investigate the adoptive family only without enquiry into the child's relatives. For the foregoing reasons, the Court hereby DEFERS consideration of the Petition and all contemporaneously-filed pleadings at this time. The Court will issue a separate Notice of Hearing, rescheduling this proceeding for 60 to 90 days from now. At that hearing, the Navajo Nation should be prepared to inform the Court as to its further efforts to locate and notify the minor child's relatives about these proceedings.